1  DAVID K. TELLEKSON (*pro hac vice* forthcoming*)*
   dtellekson@fenwick.com
2  JONATHAN G. TAMIMI (CSB No. 305493)
   jtamimi@fenwick.com
3  FENWICK & WEST LLP
   401 Union St., 5th Floor
4  Seattle, WA 98101
   Telephone:    206.389.4510
5  Facsimile:    206.389.4511

6  SHANNON E. TURNER (CSB No. 310121)
   sturner@fenwick.com
7  FENWICK & WEST LLP
   555 California Street, 12th Floor
8  San Francisco, CA  94104
   Telephone:    415.875.2300
9  Facsimile:    415.281.1350

10 Attorneys for Plaintiff
   NATIONAL PRODUCTS INC.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15 NATIONAL PRODUCTS, INC.,

                              Case No. 5:25-cv-04731
16             Plaintiff,

                              **COMPLAINT FOR PATENT
17    v.                       INFRINGEMENT**

18 MAGTARGET LLC,              **JURY TRIAL DEMANDED**

19             Defendant.

20         Plaintiff National Products, Inc. ("NPI" or "Plaintiff") brings this action against

21 Defendant MagTarget LLC ("MagTarget" or "Defendant") for an injunction, damages, and

22 other appropriate relief to stop MagTarget from violating NPI's patent rights.

23         NPI states and alleges as follows:

24                              **THE PARTIES**

25         1.      NPI is a corporation organized and existing under the laws of the State of

26 Washington, having its principal place of business at 8410 Dallas Avenue S., Seattle, Washington

27 98108.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

2.      NPI is a market leader in the design, manufacture, and sale of innovative docking cradles and protective cover products, including docking cradles and protective covers for tablets, cellular phones, and other portable devices, which are used, for example, in cars, trucks, bikes, planes, boats, motorcycles, and in offices, homes, retail stores, and healthcare settings.

3.      Upon information and belief, MagTarget LLC is a limited liability corporation organized and existing under the laws of the State of California having its principal place of business at 370 Fairview Way, Milpitas, California 95035.

4.      Upon information and belief, MagTarget is in the business of providing protective covers and docking systems for portable electronic devices, including the products that are at issue in this lawsuit.  Upon information and belief, MagTarget advertises, markets, and sells its products, including the products that are the subject of the patent infringement alleged in this lawsuit, to the public throughout the United States, including within this judicial district.

## NATURE OF THE ACTION

5.      This is a civil action for infringement of U.S. Patent Nos. 9,195,279 ("the '279 patent"); 9,632,535 ("the '535 patent"); 10,389,399 ("the '399 patent"); 10,778,275 ("the '275 patent"); and 12,143,141 ("the '141 patent") under the patent laws of the United States, including, without limitation, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over MagTarget.  Upon information and belief, MagTarget maintains a regular and established place of business in this judicial district. This Court also has personal jurisdiction over MagTarget because, upon information and belief, MagTarget has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district.

8.      Upon information and belief, MagTarget sells and offers to sell its infringing products directly through its website to the public throughout the United States, including in this judicial district.

FENWICK & WEST LLP
ATTORNEYS AT LAW

9.     Upon information and belief, MagTarget has its headquarters and principal place of business within this judicial district.  For example, MagTarget lists the following address on its main webpage: 370 Fairview Way, Milpitas, California 95035. https://www.magtarget.com/contactus.  Upon information and belief, MagTarget has listed this same address as its principal place of business with the California Secretary of State.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because MagTarget has committed acts of infringement in this District, and upon information and belief, MagTarget has a regular and established place of business in this District.

## INTRADISTRICT ASSIGNMENT

11.     Pursuant to Civil L.R. 3-2(c), this action is to be assigned on a district-wide basis because it is an intellectual property action.

## THE '279 PATENT

12.     On November 24, 2015, the '279 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '279 patent is generally directed toward docking systems for portable electronic devices, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

13.     NPI is the owner, by assignment, of all right, title, and interest in the '279 patent, including the rights to exclude others and to sue and recover past and future damages for infringement.

14.     To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '279 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '279 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '279 patent.

15.     A true and correct copy of the '279 patent is attached as **Exhibit A**.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**THE '535 PATENT**

16.    On April 25, 2017, the '535 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '535 patent is generally directed toward protective covers and docking systems for portable electronic devices, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

17.    NPI is the owner, by assignment, of all right, title, and interest in the '535 patent, including the rights to exclude others and to sue and recover past and future damages for infringement.

18.    To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '535 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '535 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '535 patent.

19.    A true and correct copy of the '535 patent is attached as **Exhibit B**.

**THE '399 PATENT**

20.    On August 20, 2019, the '399 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '399 patent is generally directed toward a docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

21.    NPI is the owner, by assignment, of all right, title, and interest in the '399 patent, including the rights to exclude others and to sue and recover damages for infringement.

22.    To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '399 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '399 patent in the "Patent and Trademarks" page of

NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '399 patent.

23.     A true and correct copy of the '399 patent is attached as **Exhibit C**.

## THE '275 PATENT

24.     On September 15, 2020, the '275 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '275 patent is generally directed toward a docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

25.     NPI is the owner, by assignment, of all right, title, and interest in the '275 patent, including the rights to exclude others and to sue and recover damages for infringement.

26.     To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '275 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '275 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '275 patent.

27.     A true and correct copy of the '275 patent is attached as **Exhibit D**.

## THE '141 PATENT

28.     On November 12, 2024, the '141 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '141 patent is generally directed toward a docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, handheld device, or the like.

29.     NPI is the owner, by assignment, of all right, title, and interest in the '141 patent, including the rights to exclude others and to sue and recover damages for infringement.

30.     To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '141 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented"

FENWICK & WEST LLP
ATTORNEYS AT LAW

together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '141 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '141 patent.

31.    A true and correct copy of the '141 patent is attached as **Exhibit E**.

## COUNT I

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,195,279

32.    NPI realleges and incorporates by reference the allegations in paragraphs 1–31 above.

33.    MagTarget has directly infringed and continues to directly infringe at least claim 1 of the '279 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to the MagTarget's Magnetic Charging Case line of products.

34.    Inspection of the Magnetic Charging Case line of products demonstrates that they meet each and every element of at least claim 1 of the '279 patent, either literally or by the doctrine of equivalents.

35.    The Magnetic Charging Case line of products comprise a protective cover for an electronic device, the cover comprising a flexible protective shell comprising a panel and a skirt surrounding the panel wherein the panel and skirt form an interior cavity therebetween, and the skirt forming a mouth opening that communicates with the interior cavity, wherein the interior cavity is configured and arranged to receive the electronic device:

FENWICK & WEST LLP
ATTORNEYS AT LAW





36.    As shown above, the protective cover further comprises an adapter fixedly

positioned in the shell, the adapter comprising a male plug comprising a plurality of connectors

FENWICK & WEST LLP
ATTORNEYS AT LAW

extending into the interior cavity of the shell in an arrangement for mating with a female socket of the device, and a contactor comprising a plurality of contacts adjacent to an exterior of the shell and electrically coupled to one or more of the connectors of the plug.

37.    Additionally, as shown below, the protective cover of the Magnetic Charging line of products further comprises a positioning interface disposed on the shell and defining a rim around the contactor of the adapter to guide proper mating of the contactor of the adapter to an external connector, wherein the positioning interface comprises a magnetic coupling element resident in the shell adjacent to the contactor, wherein the magnetic coupling element comprises one of a magnetic material or a magnetically attractive material:



38.    Upon information and belief, MagTarget has induced and continues to induce infringement of one or more claims of the '279 patent, including but not limited to claim 1, by inducing its customers and other third parties to use without authorization the docking system claimed in the '279 patent.  The use, without authorization, of the docking system constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '279 patent by such customers or third parties.  MagTarget's acts of inducement include: providing its

FENWICK & WEST LLP
ATTORNEYS AT LAW

customers with the claimed docking systems and the individual components thereof and intending customers to use them according to their intended use; advertising these products and their intended use through its websites (for example, https://www.magtarget.com/industries); and offering support to its customers for these products (for example, https://www.magtarget.com/support).

39.     Upon information and belief, MagTarget has contributed to and continues to contribute to the infringement of one or more claims of the '279 patent, including but not limited to claim 1 by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to protective covers and docking cradles.  These components supplied by MagTarget are key components to the docking systems claimed in the '279 patent.  When, for example, a protective cover is used with the docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '279 patent.  Upon information and belief, MagTarget supplied and continues to supply these components with the knowledge of the '279 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '279 patent.  Further, MagTarget knows that these components are especially made and/or especially adapted for use as claimed in the '279 patent.  Moreover, MagTarget knows that there is no substantial non-infringing use of these components.

40.     As a direct and proximate consequence of MagTarget's infringement of the '279 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless MagTarget is enjoined from infringing the '279 patent.

41.     MagTarget has had actual knowledge of the '279 patent and its infringement thereof since at least March 20, 2025, when NPI notified MagTarget that its manufacture, sale, offering for sale, importation, and/or use of these products infringes the '279 patent.

42.     Upon information and belief, MagTarget's continued infringement of the '279 patent is willful.

FENWICK & WEST LLP
ATTORNEYS AT LAW

# COUNT II

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,632,535

43.    NPI realleges and incorporates by reference the allegations in paragraphs 1–42 above.

44.    MagTarget has directly infringed and continues to directly infringe at least claim 15 of the '535 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to the MagTarget's Magnetic Charging Case line of products.

45.    Inspection of the Magnetic Charging Case line of products demonstrates that they meet each and every element of claim 15 of the '535 patent, either literally or by the doctrine of equivalents.

46.    The Magnetic Charging Case line of products comprise a protective skin for an electronic device, the protective skin comprising a flexible protective shell comprising a panel and a skirt surrounding the panel, wherein the panel and skirt form an interior cavity of the shell, and the skirt forming a mouth opening that communicates with the interior cavity, wherein the interior cavity is configured and arranged to receive an electronic device with a portion of the shell at least partially covering a back surface and extending over a peripheral edge of a front surface of the electronic device to capture the electronic device within the interior cavity of the shell:

Fenwick & West LLP
Attorneys at Law





47.    As shown above, the protective skin further comprises an adapter fixedly positioned in the shell, the adapter comprising a male plug comprising a plurality of connectors extending into the interior cavity of the shell in an arrangement for mating with a female socket of the electronic device, a contactor comprising a plurality of contacts adjacent to an exterior of the shell and electrically coupled to one or more of the connectors of the male plug, and a positioning interface disposed on the shell and defining a rim around the contactor of the adapter to guide proper mating of the contactor of the adapter to an external connector.

48.    Upon information and belief, MagTarget has induced and continues to induce infringement of one or more claims of the '535 patent, including but not limited to claim 15, by inducing its customers and other third parties to use without authorization the docking systems claimed in the '535 patent.  The use, without authorization, of the claimed docking system constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '535 patent by such customers or third parties.  MagTarget's acts of inducement include: providing its customers with the claimed docking systems and the individual components thereof and intending customers to use them according to their intended use; advertising these products and their intended use through its websites (for example, https://www.magtarget.com/industries); and offering support to its customers for these products (for example, https://www.magtarget.com/support).

49.    Upon information and belief, MagTarget has contributed to and continues to contribute to the infringement of one or more claims of the '535 patent, including but not limited to claim 15 by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to protective covers and docking cradles.  These components supplied by MagTarget are key components to the docking systems claimed in the '535 patent.  When, for example, a protective cover is combined with a docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '535 patent.  Upon information and belief, MagTarget supplied and continues to supply these components with the knowledge of the '535 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '535 patent.  Further, MagTarget knows that these components are especially made and/or especially adapted for use as claimed in the '535 patent.  Moreover, MagTarget knows that there is no substantial non-infringing use of these components.

50.    As a direct and proximate consequence of MagTarget's infringement of the '535 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless MagTarget is enjoined from infringing the '535 patent.

51.    MagTarget has had actual knowledge of the '535 patent and its infringement thereof since at least March 20, 2025, when NPI notified MagTarget that its manufacture, sale, offering for sale, importation, and/or use of these products infringes the '535 patent.

52.    Upon information and belief, MagTarget's continued infringement of the '535 patent is willful.

## COUNT III

## INFRINGEMENT OF UNITED STATES PATENT NO. 10,389,399

53.    NPI realleges and incorporates by reference the allegations in paragraphs 1–52 above.

54.    MagTarget has directly infringed and continues to directly infringe at least claim 1 of the '399 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to the MagTarget's Magnetic Charging Case line of products.

55.    Inspection of the Magnetic Charging Case line of products demonstrates that they meet each and every element of claim 1 of the '399 patent, either literally or by the doctrine of equivalents.

56.    The Magnetic Charging Case line of products comprise a protective arrangement for an electronic device, the arrangement comprising a flexible cover comprising a panel and a skirt surrounding the panel, the panel comprising an exterior surface, wherein the panel and skirt form an interior cavity therebetween, and the skirt forming a mouth opening that communicates with the interior cavity, wherein the interior cavity is configured and arranged to receive an electronic device, wherein the flexible cover is configured and arranged to cover a back face of the electronic device with the panel, at least partially cover a plurality of side faces of the electronic device, and extend around a peripheral edge of a front face of the electronic device to secure the electronic device within the flexible cover:

Fenwick & West LLP
Attorneys at Law





57.    As shown above, the protective arrangement further comprises an adapter fixedly

positioned in the flexible cover, the adapter comprising a male plug comprising a plurality of

FENWICK & WEST LLP
ATTORNEYS AT LAW

connectors extending into the interior cavity of the flexible cover in an arrangement for mating with a female socket of the electronic device.

58.    Additionally, as shown below, the protective arrangement comprises a contactor disposed on the exterior surface of the panel configured to be positioned over the back face of the electronic device when the electronic device is received in the interior cavity, the contactor comprising a plurality of electrical contacts; and electrical conductors extending through the flexible cover and electrically interconnecting the electrical contacts of the contactor with the connectors of the male plug of the adapter:



59.    Upon information and belief, MagTarget has induced and continues to induce infringement of one or more claims of the '399 patent, including but not limited to claim 1, by inducing its customers and other third parties to use without authorization the docking system claimed in the '399 patent.  The use, without authorization, of the docking system constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '399 patent by such customers or third parties.  MagTarget's acts of inducement include: providing its customers with the claimed docking systems and the individual components thereof and intending customers to use them according to their intended use; advertising these products and

FENWICK & WEST LLP
ATTORNEYS AT LAW

their intended use through its websites (for example, https://www.magtarget.com/industries); and offering support to its customers for these products (for example, https://www.magtarget.com/support).

60.    Upon information and belief, MagTarget has contributed to and continues to contribute to the infringement of one or more claims of the '399 patent, including but not limited to claim 1 by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to protective covers and docking cradles.  These components supplied by MagTarget are key components to the docking systems claimed in the '399 patent.  When, for example, a protective cover is used with the docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '399 patent.  Upon information and belief, MagTarget supplied and continues to supply these components with the knowledge of the '399 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '399 patent.  Further, MagTarget knows that these components are especially made and/or especially adapted for use as claimed in the '399 patent.  Moreover, MagTarget knows that there is no substantial non-infringing use of these components.

61.    As a direct and proximate consequence of MagTarget's infringement of the '399 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless MagTarget is enjoined from infringing the '399 patent.

62.    MagTarget has had actual knowledge of the '399 patent and its infringement thereof since at least March 20, 2025, when NPI notified MagTarget that its manufacture, sale, offering for sale, importation, and/or use of these products infringes the '399 patent.

63.    Upon information and belief, MagTarget's continued infringement of the '399 patent is willful.

## COUNT IV

### INFRINGEMENT OF UNITED STATES PATENT NO. 10,778,275

64.     NPI realleges and incorporates by reference the allegations in paragraphs 1–63 above.

65.     MagTarget has directly infringed and continues to directly infringe at least claims 2, 3, and 6 of the '275 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to MagTarget's Magnetic Charging Case line of products.

66.     Inspection of the Magnetic Charging Case line of products demonstrates that they meet each and every element of claims 2, 3, and 6 of the '275 patent, either literally or by the doctrine of equivalents.

67.     The Magnetic Charging Case line of products comprise an arrangement for receiving an electronic device, the arrangement comprising a cover comprising a panel and a skirt surrounding the panel, the panel comprising an exterior surface, wherein the panel and the skirt form an interior cavity therebetween, wherein the interior cavity is configured and arranged to receive an electronic device, wherein the cover is configured and arranged to cover a back face of the electronic device with the panel, to at least partially cover a plurality of side faces of the electronic device, and to extend around a peripheral edge of a front face of the electronic device to secure the electronic device within the cover:

1
2
3
4
5
6
7
8
9
10
11
12

FENWICK & WEST LLP
ATTORNEYS AT LAW

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





68.    As shown above, the arrangement further comprises a male plug comprising a

plurality of connectors extending into the interior cavity of the cover, wherein the male plug is

positioned in the cover for mating with a female socket of the electronic device when received in the cover.

69.     As shown below, the arrangement comprises a contactor disposed on the exterior surface of the panel and configured to be positioned over the back face of the electronic device when the electronic device is received in the interior cavity, the contactor comprising a plurality of electrical contacts; and electrical conductors extending within the cover and electrically interconnecting the electrical contacts of the contactor with the connectors of the male plug:



70.     Additionally, the cover further comprises a male nesting appendage extending from the panel, wherein the contactor is disposed on the male nesting appendage.

71.     Further, the male nesting appendage defines a locator dam around at least a portion of a perimeter of the male nesting appendage.

72.     Further still, the plurality of electronical contacts of the contactor comprises a plurality of contact rings.

73.     Upon information and belief, MagTarget has induced and continues to induce infringement of one or more claims of the '275 patent, including but not limited to claims 2, 3,

FENWICK & WEST LLP
ATTORNEYS AT LAW

and 6, by inducing its customers and other third parties to use without authorization the docking systems claimed in the '275 patent. The use, without authorization, of the docking system constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '275 patent by such customers or third parties. MagTarget's acts of inducement include: providing its customers with the claimed docking systems and the individual components thereof and intending customers to use them according to their intended use; advertising these products and their intended use through its websites (for example, https://www.magtarget.com/industries); and offering support to its customers for these products (for example, https://www.magtarget.com/support).

74.    Upon information and belief, MagTarget has contributed to and continues to contribute to the infringement of one or more claims of the '275 patent, including but not limited to claims 2, 3, and 6, by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to protective covers and docking cradles. These components supplied by MagTarget are key components to the docking systems claimed in the '275 patent. When, for example, a protective cover is used with a docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '275 patent. Upon information and belief, MagTarget supplied and continues to supply these components, with the knowledge of the '275 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '275 patent. Further, MagTarget knows that these components are especially made and/or especially adapted for use as claimed in the '275 patent. Moreover, MagTarget knows that there is no substantial non-infringing use of these components.

75.    As a direct and proximate consequence of MagTarget's infringement of the '275 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless MagTarget is enjoined from infringing the '275 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

76.   MagTarget has had actual knowledge of the '275 patent and its infringement thereof since at least March 20, 2025, when NPI notified MagTarget that its manufacture, sale, offering for sale, importation, and/or use of these products infringes the '275 patent.

77.   Upon information and belief, MagTarget's continued infringement of the '275 patent is willful.

## COUNT V

## INFRINGEMENT OF UNITED STATES PATENT NO. 12,143,141

78.   NPI realleges and incorporates by reference the allegations in paragraphs 1–77 above.

79.   MagTarget has directly infringed and continues to directly infringe at least claim 1 of the '141 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States powered docking systems for and used with portable electronic devices, including but not limited to MagTarget's Magnetic Charging Case line of products.

80.   Inspection of the Magnetic Charging Case line of products demonstrates that they meet each and every element of at least claim 1 of the '141 patent, either literally or by the doctrine of equivalents.

81.   The Magnetic Charging Case line of products comprise a protective case for a portable electronic device, the protective case comprising a center panel and a side skirt surrounding the center panel, the center panel comprising an exterior surface, wherein the center panel and the side skirt form an interior cavity therebetween, wherein the interior cavity is configured and arranged to receive the portable electronic device, wherein the protective case is configured and arranged to cover a back face of the portable electronic device with the center panel, cover at least a portion of each side face of the portable electronic device with the side skirt, and to extend around a peripheral edge of a front face of the portable electronic device to secure the portable electronic device within the protective case and wherein the exterior surface is opposite to the interior cavity:

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW





82.     As shown above, the protective case further comprises a male plug extending into the interior cavity of the protective case and comprising a plurality of first contacts, wherein the

male plug is positioned in the protective case for mating with a female socket of the portable electronic device when received in the protective case.

83.    Additionally, as shown below, the protective case of the Magnetic Charging line of products further comprises a plurality of second contacts arrayed on a portion of the exterior surface of the center panel that is parallel to the back face of the portable electronic device, and positioned over the back face of the portable electronic device, when the portable electronic device is received in the interior cavity, wherein the plurality of second contacts comprises at least three circular contacts, at least three annular contacts, or at least three contacts spaced laterally along the exterior surface of the center panel, wherein at least one of the second contacts is electrically coupled to at least one of the first contacts; wherein the second contacts are disposed on a surface that is recessed relative to an adjacent portion of the exterior surface of the center panel:



84.    Upon information and belief, MagTarget has induced and continues to induce infringement of one or more claims of the '141 patent, including but not limited to claim 1, by inducing its customers and other third parties to use without authorization the docking systems

Fenwick & West LLP
Attorneys at Law

claimed in the '141 patent.  The use, without authorization, of the docking system constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '141 patent by such customers or third parties.  MagTarget's acts of inducement include:  providing its customers with the claimed docking systems and the individual components thereof and intending customers to use them according to their intended use; advertising these products and their intended use through its websites (for example, https://www.magtarget.com/industries); and offering support to its customers for these products (for example, https://www.magtarget.com/support).

85.    Upon information and belief, MagTarget has contributed to and continues to contribute to the infringement of one or more claims of the '141 patent, including but not limited to claim 1, by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying components of systems that comprise the patented invention, including but not limited to protective covers and docking cradles.  These components supplied by MagTarget are key components to the docking systems claimed in the '141 patent.  When, for example, a protective cover is used with a docking cradle, the claimed docking systems are formed, thereby infringing, either literally or under the doctrine of equivalents, one or more claims of the '141 patent.  Upon information and belief, MagTarget supplied and continues to supply these components, with the knowledge of the '141 patent and with the knowledge that these components constitute material parts of the inventions claimed in the '141 patent.  Further, MagTarget knows that these components are especially made and/or especially adapted for use as claimed in the '141 patent.  Moreover, MagTarget knows that there is no substantial non-infringing use of these components.

86.    As a direct and proximate consequence of MagTarget's infringement of the '141 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless MagTarget is enjoined from infringing the '141 patent.

87.    MagTarget has had actual knowledge of the '141 patent and its infringement thereof since at least March 20, 2025, when NPI notified MagTarget that its manufacture, sale, offering for sale, importation, and/or use of these products infringes the '141 patent.  .

FENWICK & WEST LLP
ATTORNEYS AT LAW

88.    Upon information and belief, MagTarget's continued infringement of the '141 patent is willful.

## **PRAYER FOR RELIEF**

WHEREFORE, NPI prays for the following relief:

a.    A judgment that MagTarget LLC has infringed the '279, '535, '399, '275 and '141 patents;

b.    An order preliminarily and permanently enjoining and restraining MagTarget LLC, its officers, directors, agents, servants, employees, licensees, attorneys, and all other persons acting under or through them, directly or indirectly, from infringing the '279, '535, '399, '275 and '141 patents;

c.    A judgment and order requiring that MagTarget LLC pay damages under 35 U.S.C. § 284, with prejudgment and post-judgment interest;

d.    A judgment that MagTarget LLC's infringement has been willful, and that damages are increased three-fold;

e.    A judgment and order directing MagTarget LLC to pay the costs of this action, including all disbursements and attorney fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

f.    Such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

NPI hereby demands a trial by jury of all issues so triable.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Dated:   June 4, 2025                    Respectfully submitted,

2                                            FENWICK & WEST LLP

3

4                                            By: */s/Jonathan G. Tamimi*
                                                 Jonathan G. Tamimi, CSB No. 305493
5                                                401 Union St., 5th Floor
                                                 Seattle, WA 98101
6                                                Telephone:    206.389.4510
                                                 Facsimile:    206.389.4511
7                                                jtamimi@fenwick.com

8                                                Attorneys for Plaintiff
                                                 NATIONAL PRODUCTS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW