DAVID K. TELLEKSON (admitted *pro hac vice*)
dtellekson@fenwick.com
JONATHAN G. TAMIMI (CSB No. 305493)
jtamimi@fenwick.com
FENWICK & WEST LLP
401 Union St., 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Plaintiff
NATIONAL PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAGTARGET LLC, <br><br> Defendant. | Case No. 4:25-cv-04731-HSG <br><br> **CONSENT JUDGMENT** |

    This matter came before the Court on the joint submission by Plaintiff National Products, Inc. ("NPI") and Defendant MagTarget LLC ("MagTarget") of this Consent Judgment.  The parties having had ample opportunity to assess the relevant facts and applicable law during the pendency of this lawsuit, and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

### **Findings of Fact**

    1.    Plaintiff NPI is a Washington State corporation with its principal place of business at 8410 Dallas Avenue S., Seattle, WA 98108.  NPI is in the business of making and

selling cases and cradles for portable electronic devices under, for example, the RAM, RAM MOUNTS, IntelliSkin, and GDS Tech product lines.

2.     Defendant MagTarget is a corporation organized and existing under the laws of California having a place of business at 370 Fairview Way, Milpitas, CA 95035.

3.     NPI is the owner of United States Patent Nos. 9,195,279, ("the '279 Patent"), 9,632,535, ("the '535 Patent"), 10,389,399, ("the '399 Patent"), 10,778,275, ("the '275 Patent"), and 12,143,141 ("the '141 Patent") (all collectively, "the Asserted Patents").  By operation of law (35 U.S.C. § 282), the Asserted Patents are presumed to be valid and enforceable.

4.     NPI brought this action for patent infringement against MagTarget on June 4, 2025, asserting that MagTarget infringes the Asserted Patents.

5.     MagTarget denies infringement and the validity and enforceability of the Asserted Patents, but for purposes of entry of this Consent Judgment agrees that it has manufactured, used, imported, offered for sale and/or sold products falling within the scope of the '279 Patent, the '535 Patent, the '399 Patent, the '275 Patent, and the '141 Patent.

6.     Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

7.     The parties seek to terminate this litigation through this Consent Judgment.

## Conclusions of Law

8.     This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq.*  This Court thus has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10.    MagTarget has sold products that NPI alleges infringe the Asserted Patents, including without limitation the MagTarget industrial line of products including its Magnetic Charging Case, the Magnetic Locking Wall / VESA Dock, the Magnetic Wedge Dock, and the Magnetic Locking Dock line of products ("the Accused Products").[1]

---

[1] Images of the Accused Products are provided in Exhibit A.

11. MagTarget has denied that the Asserted Patents are valid or infringed. However, for purposes of entry of this Consent Judgment, MagTarget covenants not to contest, directly or indirectly, that the claims of the Asserted Patents are valid and enforceable as to the Accused Products and all past, present, and future products, except as a claim or defense in response to a subsequent allegation by NPI that a product of MagTarget infringes any of the Asserted Patents.

12. The parties acknowledge and agree that manufacture, use, sale, offer for sale, or importation into or in the United States of the Accused Products and any other products not colorably different therefrom shall cause irreparable harm to NPI, and that NPI shall be entitled to an injunction as entered below to prevent any such infringement.

13. This Consent Judgment shall finally conclude and dispose of this litigation. As to all parties, this Judgment shall be given issue preclusive and claim preclusive effect in future litigation or Patent and Trademark Office proceedings relating to the Asserted Patents. The parties explicitly intend such issue preclusion and claim preclusion effects to extend to the issues of validity and enforceability of the Asserted Patents, whether raised in a court proceeding, Patent and Trademark Office proceeding, or in another dispute even with respect to materially different products, except as set forth in Paragraph 11.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED that:**

A. Each party is to bear its own costs and attorneys' fees incurred in this litigation.

B. MagTarget, including its officers, agents, servants, employees, attorneys, assignees, and all persons controlling or in active concert or participation with, through, or under MagTarget, is enjoined from manufacturing, using, selling, offering for sale, or importing into or in the United States the Accused Products and any other products not more than colorably different therefrom, and from causing, inducing or contributing to others making, using, selling, offering for sale or importing into or in the United States the Accused Products and any other products not more than colorably different therefrom. For the avoidance of doubt, this Consent Judgment enjoins MagTarget from selling or distributing the Accused Products in the United States through distributors.

C. For further avoidance of doubt, this Consent Judgment is limited to the scope of the United States patent laws and has no extraterritorial effect beyond what they provide. The parties agree that this Consent Judgment shall not be introduced or used as evidence of infringement or validity of any patents related to the Asserted Patents in any proceedings outside the United States.

D. No party to this Consent Judgment may challenge or appeal the Consent Judgment. All parties knowingly, intentionally, willingly, and explicitly waive their right to challenge or appeal this Consent Judgment.

E. This Court retains exclusive jurisdiction of this action for the purposes of ensuring compliance with this Judgment.

F. This Consent Judgment fully and finally resolves all of NPI's claims in this litigation with prejudice.

G. Final judgment shall be entered pursuant to this Consent Judgment, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: 10/8/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

**Exhibit A – Accused Products**

Accused Products:











The Magnetic Charging Case:






CONSENT JUDGMENT                          6                     Case No. 4:25-cv-04731-HSG

The Magnetic Wall / VESA Dock:



The Magnetic Wedge Dock:`






The Magnetic Universal Locking Dock:






CONSENT JUDGMENT　　　　　　　　8　　　　　　　　Case No. 4:25-cv-04731-HSG